UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | | |
|---|---|---|
| DANIEL ROBINS, | | **DECISION** |
| | Plaintiff, | **and** |
| | | **ORDER** |
| v. | | |
| WAL-MART REAL ESTATE BUSINESS TRUST, | | |
| WAL-MART STORES EAST, LP, | | 22-CV-273LJV(F) |
| WALMART INC., | | |
| | Defendants. | |

_____

APPEARANCES:     WEBSTER SZANYI, LLP
                 Attorneys for Plaintiff
                 THOMAS S. LANE,
                 VINCENT T. PARLATO,
                 D. CHARLES ROBERTS, JR., of Counsel
                 424 Main Street, Suite 1400
                 Buffalo, New York  14202

                 BENNETT SCHECHTER ARCURI & WILL LLP
                 Attorneys for Defendants
                 JORDAN D. MROCZEK,
                 PAULINE C. WILL, of Counsel
                 701 Seneca Street, Suite 609
                 Buffalo, New York   14210

In this action alleging Plaintiff slipped and fell on September 12, 2022 while shopping at Defendants' North Tonawanda store as a result of Defendants' negligence, by papers filed February 28, 2023, Plaintiff moves to compel Defendants' responses to Plaintiff's First Request for Production No. 10, served July 8, 2022, which requests Defendants provide "[a]ll complaints at any of Defendants' stores concerning floor stickers for the five years prior to Plaintiff's accident."  Dkt. 19-1 at 2 ("Plaintiff's RFP No. 10") ("Plaintiff's motion").  In Defendants' Response to Plaintiff's RFP No. 10,

Defendants objected based on a lack of relevancy, proportionality, overbreadth, and undue burdensomeness. Dkt. 19-3 at 8. Defendants, however, stated that as to the Defendants' North Tonawanda store, Defendants were unaware of any complaints responsive to Plaintiff's request. *Id.*

Prior to filing Plaintiff's motion, Plaintiff corresponded with Defendants on October 4, 2022, Dkt. 19-4, regarding Defendants' objections to Plaintiff's RFP No. 10 explaining that the request seeks information relevant to Defendants' prior notice of potential slippery floor conditions created by the use of floor stickers leading to slip and fall accidents at any of Defendants' stores. *Id.* Plaintiff further corresponded regarding the issue with Defendants on October 18, 2022, November 16, 2022, December 8, 2022 and on January 3, 2023. Dkt. 19-1 ¶¶ 12, 13, 16, and 17. In Plaintiff's January 3, 2023 letter to Defendants' counsel, Plaintiff cited caselaw in support of Plaintiff's RFP No. 10, seeking Defendants' responses for all of Defendants' stores nation-wide. *See* Dkt. 19-7. Plaintiff also stated that because of the Scheduling Order's cut-off of February 28, 2023, Dkt. 17, Plaintiff's January 3, 2023 letter would be Plaintiff's final good-faith effort to resolve the dispute. Dkt. 19-7 at 2. In response to Plaintiff's January 3, 2023 letter, Defendants served a Third Supplemental Response on January 31, 2023 in which Defendants again asserted objections based on a lack of relevancy and proportionality as required by Fed.R.Civ.P. 26(b)(1) ("Rule 26(b)(1)"), the request was not limited to safety concerns, or similar materials used in the floor sticker upon which Plaintiff allegedly slipped and fell, and the five-year look-back period on a nation-wide basis poses an unduly burden on Defendants particularly in view of the fact that the type of floor stickers involved in Plaintiff's claim was not used by Defendants prior to April 2020

2

with the advent of Covid-19 social distancing and shopper directional aisle requirements.  Dkt. 19-8 at 30.  On February 28, 2023, Plaintiff conversed by telephone with Defendants' counsel in an unsuccessful attempt to resolve the dispute.  Dkt. 19-1 ¶ 24.

In Defendants' opposition to Plaintiff's motion filed March 16, 2023 (Dkt. 21), Defendants argue Plaintiff has failed to provide any explanation as to how the misplacement or other feature of a floor sticker which may be the subject of Plaintiff's RFP No. 10 would have caused Plaintiff's slip and fall, nor does Plaintiff explain why deficient floor stickers, which may have been used by Defendants in other stores, would have conceivable relevance to Plaintiff's claim.  Dkt. 21-1 ¶¶ 22, 23.  Defendants also argue Plaintiff has failed to comply with Fed.R.Civ.P. 37(a)(1) and Local R. Civ.P. 7(d)(3) which require a good-faith effort to avoid motion practice in a discovery dispute. Dkt. 21 at 18-20.  In Plaintiff's Reply, filed March 31, 2023 (Dkt. 22), Plaintiff contends that the requested information is relevant to Defendants' prior notice of potential safety issues in the use of floor stickers as well as Defendants' prior notice of such a "potentially dangerous condition," Plaintiff's Reply Declaration (Dkt. 22) at ¶¶ 4, 13.

(1)     Rule 37(a)(1) and Local R.Civ. 7(d)(3).

Fed.R.Civ.P. 37(a)(1) requires parties engage in a good faith effort to avoid judicial intervention in a discovery dispute as a prerequisite to a motion to compel. Local Rule 7(d)(3) requires a similarly sincere effort.  Here, despite several communications with Defendants over a five-month period, Plaintiff was unsuccessful in avoiding the instant motion.  Moreover, given Defendants' insistence on Plaintiff's alleged lack of relevance in seeking the potential information subject to RFP No. 10, *see*

Dkt. 21 at 10-14, it is evident that further efforts by Plaintiff to resolve the dispute would have been futile. *See Ergas v. Eastpoint Recovery Group, Inc.*, 2021 WL 1711321, at * 6 (W.D.N.Y. Apr. 30, 2021) (finding the plaintiff's failure to respond to the defendant's e-mails requesting discovery responses indicated the plaintiff had no intention of complying with discovery, citing *Apex Oil Co. v. Belcher Co. of New York, Inc.*, 855 F.2d 1009, 1019-20 (2d Cir. 1988) (it is within the district court's discretion of determine whether the parties have complied with Rule 37(a)(1)'s meet and confer requirement); and *Woodward v. Holtzman*, 2018 WL 5112406, at *2 (W.D.N.Y. Oct. 18, 2018) (court has discretion to determine whether further efforts by counsel to comply with Rule 37(a)(1) meet and confer requirements would be fruitful or futile)). Accordingly, the court finds Plaintiff has sufficiently complied with Rule 37(a)(1) and Local Rule 7(d)(3).

2.      Relevance and Proportionality.

Defendants assert that Plaintiff's RFP No. 10 lacks relevance because Plaintiff's failure to explain how different forms of floor stickers used by Defendants at Defendants' numerous stores nation-wide could conceivably demonstrate a hazardous condition was created by such use by Defendants at the North Tonawanda store where Plaintiff fell. Dkt. 21-1 ¶ 22. However, the general rule is that a landowner is responsible for any unsafe conditions of which the landowner has actual or constructive notice. *See Taylor v. United States*, 121 F.3d 86, 89-90 (2d Cir. 1997) (a landowner is liable for negligence when a condition on his land causes injury if the landowner had actual or constructive notice of the condition (citing *Gordon v. American Museum of Nat. Hist.*, 492 N.E.2d 774, 775 (N.Y. 1986) (affirming dismissal of personal injury action predicated on the plaintiff's fall on stairs which the plaintiff attributed to slipping on a piece of paper, but no

4

evidence supported the paper had been on the steps long enough for the landowner to have constructive notice of the dangerous condition it posed)).  *See also Gonzalez v. Wal-Mart Stores, Inc.*, 299 F.Supp.2d 188, 192 (S.D.N.Y. 2004) (constructive notice requires evidence of defendant's awareness of particular conditions that caused the accident) (internal citations omitted); *Mrkulic v. Target Corporation*, 2009 WL 10706587, at *3 (E.D.N.Y. July 16, 2009) ("Actual notice can be shown by demonstrating that a defendant had received prior complaints about the condition.") (internal citations omitted).  Defendants' argument that Plaintiff's requests fails to provide any indication of how the floor stickers used elsewhere by Defendants would be relevant to Plaintiff's claim assumes without any factual basis that floor stickers with differing shapes and physical characteristics were in fact used by Defendants in Defendants' various stores and ignores that any substance, including stickers, placed on walking surfaces intended for public use may create a potential hazard to consumer safety in the store.  *See Laudero v. Otis Elevator Company*, 2011 WL 2731240, at *1 (W.D.N.Y. July 12, 2011) (requiring defendant to produce all records of similar incidents requiring elevator repair as relevant to plaintiff's claim) (citing *Stagl v. Delta Airlines,* 52 F.3d 463, 474 (2d Cir. 1995)); *Cohalan v. Genie Industries, Inc.*, 276 F.R.D. 161, 166 (S.D.N.Y. 2011) ("Unlike at trial, where evidence of similar accidents is admissible only if those accidents are shown to be 'substantially similar,' a court may allow discovery of similar accidents provided that the circumstances surrounding the other accidents are similar enough that discovery concerning those incidents is relevant to the circumstances of the instant case." (internal quotation marks and citation omitted); *Hicks v. Long Island R.R.,* 165 F.R.D. 377, 381 (E.D.N.Y. 1996) (requested materials relating to "similar accidents are

relevant to the degree of risk associated with" the cause of the plaintiff's fall)). Discovery of any material that may be relevant to plaintiff's claim is permitted by Fed.R.Civ.P. 26(b)(1) ("Rule 26(b)(1)"), *see S.E.C. v. Rajaratnam*, 622 F.3d 159, 181 (2d Cir. 2010) (Rule 26(b)(1) permits "parties to 'obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense,'" (quoting Fed.R.Civ.P. 26(b)(1)), and requested information need not be admissible in evidence to be discoverable.  *Id.*  In this case, Defendants' relevance objection is based upon the admissibility of the results of the requested complaints, *i.e.*, differing shapes and materials in floor stickers used in other of Defendants' stores, and, as such, is without merit.

Defendants also assert Plaintiff's request lacks proportionality, Dkt. 21 at 8-9, *i.e.*, that "the expected benefits of the discovery must be in line with the cost and burden of the [requested] discovery and the value of the case."  Steven Baicker-McKee & William M. Janssen, FEDERAL CIVIL RULES HANDBOOK (Thomson Reuters) at 793 (2023 ed.) (citing caselaw).  Factors relevant to this question include the importance of the issues at stake in the litigation, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden and expense of the proposed discovery outweighs its likely benefit.  *Id.*  The court has broad discretion in considering and weighing these factors.  *Id.*  The ultimate burden is on the party resisting discovery to demonstrate" that the requested discovery lacks proportionality.  *Id.* at 794 (citing caselaw).  Defendants fail to indicate why Plaintiff's RFP No. 10 lacks proportionality as was Defendants' burden.  *See* Dkt. 21 at 12-13 ("Plaintiff bears the burden of showing that the [discovery]

6

request is proportional to the needs of the case."; "No such showing [proportionality] was made [by Plaintiff].")  Defendants therefore mistakenly assert it was Plaintiff's burden to demonstrate Plaintiff's RFP No. 10 satisfies Rule 26(b)(2)'s proportionality requirement when it was Defendants' burden to show the Request did not.  In any event, the Second Circuit has held that other similar complaints of hazardous conditions in premises liability cases are "highly relevant," to a plaintiff's premises liability case, *Stagl,* 52 F.3d at 474, and the vast differences in resources and access to the requested information at issue between Plaintiff and Defendants (Wal-Mart) is self-evident.  Accordingly, Defendants' proportionality objection is also without merit.

3.  <u>Overbreadth and Undue Burdensomeness</u>.

It is well-established that an objection based on undue burdensomeness be supported by affidavit of someone with personal knowledge of the underlying facts such as a responding party's filing systems and available manpower to conduct a search of a party's records.  *See Cliffstar Corp. v. Sunsweet Growers, Inc.*, 218 F.R.D. 65, 69 (W.D.N.Y. 2003) ("for a burdensomeness objection to be sustained, a motion to compel on this ground must be opposed by an affidavit of a person with knowledge of the record keeping system with the requested party explaining in reasonable detail the factual basis for such an objection.").  *See, c.f., American Rock Salt Co., LLC v. Norfolk Southern Corp.*, 228 F.R.D. 426, 435 (W.D.N.Y. 2004) (holding the defendants' failure to provide an affidavit stating upon personal knowledge that a reasonably diligent search of the defendants' records revealed no documents responsive to the plaintiff's discovery request required the court reject the defendants' ~~relevancy~~ burdensomeness objection as justifying nonproduction).   Here, Defendants provide only the declaration

7

of counsel asserting that Plaintiff's RFP No. 10 is overly broad and unduly burdensome. Dkt. 21-1 ¶ 24.  Such declaration is insufficient to sustain either objection.  *See American Rock Salt, LLC*, 228 F.R.D. at 435; *Cliffstar Corp.*, 218 F.R.D. at 69.  As to Plaintiff's requests for a nation-wide compliance and a five-year look-back period, the court finds such requests reasonable as other courts have compelled defendants to comply with similar requests in customer injury cases.  *See Stagl*, 52 F.3d at 474 (vacating district court's decision for abuse of discretion disallowing the plaintiff who was injured to obtain discovery of similar prior accidents involving the defendant's baggage carousel operations because the denial "unduly limited" the plaintiff's ability to establish whether the defendant had notice based on "the degree of risk generated" by the alleged negligence which "would have been highly relevant to strengthening [the plaintiff's] proof of causation."); *D'Agostin v. Fitness International, LLC*, 2021 WL 1923786, at * 2-3 (D.Conn. May 12, 2021) (permitting the plaintiff to obtain discovery of similar slip-and-fall accidents involving water on the tiled floor areas of defendants' fitness clubs operated in four states, accounting for 102 of 750 such clubs nationwide, for five years prior to the date of the plaintiff's accident as such discovery was reasonable in terms of temporal and geographic scope and proportional to the needs of the case so as to not be unduly burdensome, and citing *Dipesa v. Home Depot USA, Inc.*, 245 F.R.D. 53, 54-55 (D.Mass. 2007) (allowing motion to compel interrogatory answers in a premises liability suit asking for nationwide accident reports where the defendant corporation's practices were standardized));  Similar requests have also been sustained in claims against Defendants in customer in-store injury cases.  *See, e.g., Pham v. Wal-Mart Stores, Inc.,* 2011 WL 5508832, at *4 (D.Nev. Nov. 9, 2011)

8

(compelling a nation-wide discovery concerning accidents involving a mattress display apparatus over a five-year period and citing cases in which courts have upheld similar compliance requests against Wal-Mart).  The court finds it is noteworthy that Defendants do not deny having a computerized system for tracking in-store customer slip and fall complaints throughout Defendants' nation-wide stores.  *See Pham*, 2011 WL 55008832, at *5 (finding that it was "unreasonable" for defendant not to have a "centralized" system for recording injury claims "throughout its stores so that other stores can be warned of potential damages and corrective measures can be taken.")  *But see Frank v. Costco Wholesale Corporation*, 2021 WL 5873109, at *2 (E.D.N.Y. Nov. 18, 2021) (denying plaintiff's request for nation-wide search of defendant's records for similar customer complaints regarding lifting of heavy in-store objects because of a lack of authority submitted by the plaintiff supporting such request).

    As to Defendants' objection that the term "complaints" as used by RFP No. 10 is undefined, the court finds that the language of the request makes clear the term means complaints "concerning" the use of floor stickers in Defendants' stores and as such is reasonably limited.  Defendants further contend that RFP No. 10 suffers from overbreadth in that it seeks complaints regarding any use by Defendants of floor stickers not only those associated with store aisle directional or other Covid-19 requirements, Dkt. 21 at 14-15.  However, whether a specific complaint is within the scope of RFP No. 10 relates to a floor sticker which Plaintiff determines is capable of creating an unduly slippery condition or not is a determination for Plaintiff to make after receipt and review of the responsive information.  *See UB Foundation Activities, Inc. v. IT Healthtrack, Inc.*, 2009 WL 4042937, at * 6 (W.D.N.Y. Nov. 19, 2009) (permitting the

defendant, following receipt and review of additional records from the plaintiff, to conduct further depositions only if such review of the records established further depositions were relevant and necessary).  Whether a requested complaint, if located, yields ultimately admissible evidence is not the criteria upon which a valid discovery demand pursuant to Rule 26(a)(1) (admissibility in evidence of discovery materials sought by a party not required for valid discovery request).  As such, the issue is not the context of the information conveyed by, or the purpose of the floor stickers, but the use, with potentially associated complaints, by Defendants, of floor stickers generally at Defendants' stores.  Plaintiff's RFP No. 10 is therefore not overbroad.  Accordingly, Defendants' objections based on overbreadth and undue burdensomeness are overruled.

4. <u>Failure to Conduct Depositions</u>.

Nor is there any merit to Defendants' contention that Plaintiff has refused to conduct depositions based on Defendants' lack of complete document production and that such refusal is a ground to deny Defendants' compliance with Plaintiff's RFP No. 10.  *See* Dkt. 21 at 16-18.  While in some cases deposition practice may alleviate the need for document production, *see Malinowski v. Wall Street Source, Inc.*, 2010 WL 4967474, at * 3-4 (S.D.N.Y. Nov. 23, 2010) (finding the defendants' deposition of non-party witness may eliminate the defendants' need for certain documents), in a case like the one at bar, the court fails to see how depositions could take the place of document production targeted to the issue of Defendants' prior actual or constructive knowledge of potential customer safety issues based on slipping on an unduly slippery surface of a

floor sticker. *See UB Foundation Activities, Inc.*, 2009 WL 4042937, at * 6.  The cases cited by Defendants in support of this contention, *see* Dkt. 21 at 16-17, are inapposite.

5. <u>Request for Modification of Scheduling Order</u>.

Plaintiff's motion also requests the Scheduling Order be modified to extend the period for discovery by 60 days.  Based on the time required to resolve the instant motion and the fact that discovery was to conclude on March 30, 2023 (Dkt. 17), the court finds good cause to amend the Scheduling Order.  The parties shall therefore submit <u>within 10 days</u>, jointly or individually, a proposed amended case management order scheduling the balance of the case to trial.

6. <u>Sanctions</u>.

Plaintiff requests sanctions pursuant to Fed.R.Civ.P. 37(a)(5)(A).  Defendants shall show cause <u>within 20 days</u> why Plaintiff's expenses should not be awarded pursuant to Rule 37(a)(5)(A).  Plaintiff's response shall be filed <u>within 10 days</u> thereafter; Defendants' reply, if any, shall be filed <u>within  5 days</u>.  Oral argument shall be at the court's discretion.


## CONCLUSION

Based on the foregoing, Plaintiff's motion (Dkt. 19) is GRANTED.  Defendants shall comply with Plaintiff's RFP No. 10 <u>within 30 days</u>.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dates:  May 19, 2023
           Buffalo, New York